## JOSEPH LANDIS & CO. *v.* GOOCH & CAMPBELL.

1. A commission merchant has a lien for advances upon merchandize consigned to him for sale.

2. He has a right to sell the goods to reimburse himself, in case the consignor, after a reasonable time and notice, fails to refund the advances, even though the goods were consigned with an agreed minimum price fixed.

SPECIAL TERM.—This is an action by Joseph Landis & Co., commission merchants of New Orleans, to recover from Gooch & Campbell, manufacturers of lard oil, in Cincinnati, a balance of account, arising in their favor, for advances made to the defendants on merchandize consigned to plaintiffs for sale. The defendants answer and set up a counter-claim against the plaintiffs, alleging that the oils were sold at a sacrifice, and that if they had not been sold inopportunely, the proceeds thereof would have greatly exceeded the advances made.

The cause was submitted to a jury at the March term, A. D. 1856, and a verdict was rendered for the plaintiffs for the amount claimed.

The defendants filed a motion for a new trial, claiming that the court erred in the instructions to the jury.

*Coffin & Mitchell*, for plaintiffs.

*Taft, Key & Perry*, for defendants.

STORER, J. A new trial is asked on the ground that the charge of the court was not sustained by the law of the case. The defendants had shipped to the plaintiffs, commission merchants, residing in New Orleans, a large quantity of lard-oil for sale. It was sold, and the proceeds were not sufficient to repay the advances made by plaintiffs to defendants, and this action was brought to recover the balance due.

It was claimed by the defendants, that there was an agreement, made between them and the plaintiffs, that the property

consigned should not be sacrificed; but the plaintiffs disregarded their contract and disposed of the property at a low price. On the other hand, it was in proof that the oil became hardened, to the consistency of lard, and was thereby greatly lessened in value; and that the defendant was notified, unless he remitted the plaintiffs the amount due for their advances upon the shipment, they should proceed to sell the property to indemnify themselves.

The jury were told, that if they should find there was an agreement between the parties, that the oil should not be sacrificed, still the plaintiffs had a lien for their advances, and if they should have been limited in the price for which the commodity might be sold, yet they had the right to subject it to the payment of their claim. In such a case, it was their duty to notify the defendants to place them in funds, within a reasonable time; and if they should then be in default, they might sell at the market prices, and would be protected from any liability on the contract existing when the shipment was made. On a careful review of the facts, and the law applicable to the case, we find no reason to change the opinion we gave on the trial. We are satisfied the jury rendered a verdict conformably to the justice of the case, and that we did not mistake the law. 14 Peters, 480, *Brown* v. *McGran;* 22 Pick. 40, *Parker* v. *Brancker;* 1 Sandford, S. C. 360, *Marfield* v. *Douglass;* 1 Do 111, *Blot* v. *Boiceau.*

Judgment on verdict for plaintiffs.